### Case No. 16,451.
UNITED STATES v. TEN THOUSAND CIGARS.

[Woolw. 123.] [1]

Circuit Court, D. Iowa. Oct. Term, 1867.

COMPETENCY OF WITNESSES—"CIVIL ACTIONS"— FORFEITURES UNDER INTERNAL REVENUE LAWS—REPEALS BY IMPLICATION.

1. The phrase "civil action," in the 3d section of the act of July 2, 1864 (13 U. S. Stat. 351), includes all cases of a civil, as contradistinguished from those of a criminal, nature.
[Cited in The Poland, Case No. 11,242.]
[Cited in Fenstermacher v. State, 19 Or. 504, 25 Pac. 143; Smith v. Burnet, 35 N. J. Eq. 320.]

2. A seizure of property for violation of the internal revenue law, and the controversy arising upon a claim interposed thereto by a third party, is within the act.

3. The claimant is a competent witness in his own behalf.

4. Only a necessary and irresistible implication will be held to operate a repeal of a statute.
[Cited in Root v. Shields, Case No. 12,038.]

5. A general law was passed admitting interested parties to testify as witnesses in all cases; afterwards a special law was passed, admitting interested parties to testify in a certain contingency. Held, that the later did not repeal the earlier provision.

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

6. The act of July 2, 1864, the 2d section of the act of Feb. 28, 1865 [13 Stat. 442], and the 9th section of the act of July 13, 1866 [14 Stat. 146], construed.

This was a writ of error to the district court of the United States for the district of Iowa. The property had been seized by the proper officers, and Robeson interposed a claim thereto. The issue was tried to a jury, when the claimant offered himself as a witness. He was admitted by the court to testify, under the exception of the district attorney. The trial having resulted in a verdict for the claimant, the government brought the case here by writ of error.

Mr. Browning, U. S. Dist. Atty.

MILLER, Circuit Justice. This is a writ of error to the district court. The property which is the subject of this controversy was seized for a violation of the internal revenue laws. Robeson Brothers filed their claim as the owners of the property, denying its liability to condemnation. In the course of the trial, the claimants offered themselves as witnesses in their own behalf, and were admitted against the objection of the district attorney. The ruling of the district court upon this objection is alleged for error, and presents the question for our determination.

The proviso to the 3d section of the act of July 2, 1864 (13 Stat. 351), declares, "that in the courts of the United States there shall be no exclusion of any witness on account of color, nor in civil actions, because he is a party to, or interested in, the issue tried."

This enactment was intended to effect in the federal courts the same change in the law of evidence as had been made by many of the states, namely, to admit the testimony of witnesses previously incompetent on account of interest, or of being parties to the suit. The phrase "civil actions" includes actions at law, suits in chancery, proceedings in admiralty, and all other judicial controversies in which rights of property are involved, whether between private parties, or such parties and the government. It is used here in contradistinction to prosecutions for crime.

The suit before us is a civil action within the meaning of the statute. It is prosecuted according to the usual course in admiralty. It is an inquiry into a right of property. The provision cited, therefore, will allow these claimants to testify, unless it has been repealed or modified by some other act of congress.

The 2d section of the act of February 28, 1865 (13 Stat. 442), enacts, that "any officer or other person entitled to or interested in a part or share of any fine, penalty, or forfeiture incurred under this or any other law of the United States, may be examined as a witness in any of the proceedings for the recovery of such fine, penalty, or forfeiture by either of the parties thereto, and such examination shall not deprive such witness of his or her share or interest in such fine, penalty, or forfeiture."

And by the 9th section of the act of July 13, 1866 (14 Stat. 146), it is provided, "that whenever, in any civil action for a penalty, the informer may be a witness for the prosecution, the party against whom such penalty is claimed may be and shall be admitted as a witness on his own behalf."

These two acts confer upon a claimant, in this special class of cases, competency to testify. It is urged. that because they are directed to such cases specially, they should be held to operate as a limitation upon the previous general provision of the statute—that is, that they work its repeal pro tanto. Of course, if it were not for the general enactment, the claimant would be incompetent, except in the particular event mentioned in the special statute for that case. The common law rule would in all other cases obtain. To avoid the general statute, and continue the common law rule as operative, we must hold that the later provision repealed the earlier by implication. It is well settled that no repeal by implication will be allowed, unless it be a necessary and irresistible implication. The statutes must be so inconsistent that, if the later stands, the former must thereby fall. Such is not the case with those before us. The act of 1866 provides that a certain class of persons may be witnesses in a given contingency. The act of 1864 says that such persons shall be witnesses without regard to such contingency. They are not necessarily in conflict.

The truth seems to be, that the provision of the act of 1866 was introduced to remove the supposed advantage given to the informer by the act of 1865, in ignorance or forgetfulness. of the more general enactment of 1864. It is very improbable that congress intended to repeal or limit the effect of that act by others looking in the same direction.

I am therefore of opinion that the act of 1864 authorized the introduction of the claimant in this case as a witness in his own behalf, although the prosecutor was not sworn; that it is not repealed or modified by the subsequent acts referred to.

The judgment of the district court is affirmed. Judgment affirmed.

See 2 Pars. Shipp. & Adm. 437, note 4, in which a ruling of Mr. Justice Clifford, in Robinson v. Mandell [Case No. 11,959], is given upon one clause of this statute. The learned author also suggests that it is uncertain how far the rule would be adopted in admiralty.